## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERATION FOR AMERICAN IMMIGRATION REFORM, 25 Massachusetts Ave., NW, Suite 330, Washington, DC 20001, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES, 20 Massachusetts Ave., NW, Washington, DC 20001, | ) ) ) ) ) |
| Defendant. | ) ) |

Civil Action No.

## COMPLAINT

Plaintiff Federation for American Immigration Reform ("FAIR") brings this action against U.S. Citizenship and Immigration Services ("USCIS") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff alleges the following grounds:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff FAIR ("Plaintiff") is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 25

Massachusetts Ave, NW, Suite 330, Washington, DC 20001. Plaintiff seeks to educate the citizenry and increase public awareness of immigration issues and hold the nation's leaders accountable for enforcing the nation's immigration laws. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant USCIS is an agency of the U.S. Government and is headquartered at 20 Massachusetts Ave., NW, Washington, DC 20001. USCIS is a component of the U.S. Department of Homeland Security ("DHS"). USCIS has possession, custody, and control of certain public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On February 7, 2018, Plaintiff submitted a FOIA request to USCIS, by online FOIA portal, seeking access to the following public records:

   1. A list of the top 20 H-1B employers submitting visa petitions for professional workers in specialty occupations, to include the number of visa petitions submitted by each and the number approved.
   2. A list of the top 20 H-1B employers, listing the Department of Labor specialty occupation code, geographic location of worksite, wage floor, and skill level for each employee.
   3. A list of the top 100 non-profit organizations submitting H-1B cap exempt visa petitions, the number of petitions submitted and approved for each non-profit organization.

6. Plaintiff received an acknowledgement letter dated February 14, 2018, from Defendant confirming receipt of Plaintiff's FOIA request, assigning the control number COW2018000216.

7. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with Plaintiff's FOIA request within twenty (20) working days after receipt of that request and to notify Plaintiff immediately of its determination, the reasons therefore, and

the right to appeal any adverse determination. Accordingly, Defendant's determination of Plaintiff's FOIA request was due by March 8, 2018, at the latest

6. As of the date of this Complaint, USCIS has failed to: (i) determine whether to comply with Plaintiff's FOIA request; (ii) notify Plaintiff of any such determination or the reasons for such determination for the FOIA request; (iii) advise Plaintiff of the right to appeal any adverse determination of the FOIA request; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

7. Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A) with respect to the FOIA request, Plaintiff is deemed to have exhausted any and all administrative remedies with respect to that request, pursuant to 5 U.S.C. § 552(a)(6)(C).

**COUNT 1**
(Violation of FOIA, 5 U.S.C. § 552)

8. Plaintiff re-alleges paragraphs 1 through 7 as if fully stated herein.

9. Defendant is unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

10. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold

any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:       April 13, 2018                    Respectfully submitted,

/s/ Julie B. Axelrod
D.C. Bar No. 1001557
Immigration Reform Law Institute
25 Massachusetts Ave., NW, Suite 335
Washington DC, 20001
Telephone: 202-232-5590
FAX (202) 464-3590
Email: jaxelrod@irli.org